```
          IN THE DISTRICT COURT OF THE UNITED STATES
            FOR THE DISTRICT OF SOUTH CAROLINA
                     GREENVILLE DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 6:24-30 |
| v. | |
| NORAIMI TORRES BURGOS | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this <u> 20th </u> day of <u> August </u>, 2024, between the United States of America, as represented by United States Attorney, ADAIR BOROUGHS, Assistant United States Attorney Jamie Lea Schoen; the defendant, NORAIMI TORRES BURGOS, and Defendant's attorney, Adam Touma.

1. The defendant agrees to plead guilty to the Indictment now pending, that is: Count 1, Making a False Statement to Purchase of a Firearm, in violation of 18 U.S.C. § 922(a)(6).

   IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

### Count 1

A. The defendant knowingly made a false oral or written statement to a federally licensed firearms dealer;
]
B. The false statement was made in connection with the acquisition or attempted acquisition of a firearm; and

C. The statement was intended to or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

1

<u>Penalty</u>

Imprisonment: Up to 10 years
Supervised Release: not more than 3 years
Fine: Up to $250,000.00
Special Assessment: $100.00

2. The defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613.  In the event the Court imposes a schedule for payment of restitution, the defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty.  The defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the defendant must pay a special assessment of $100.00 for each felony count for which she is convicted.  This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

  B. Restitution: The defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by her scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

  C. Fines: The defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the defendant will not

have any right to withdraw her plea of guilty to the offense(s) enumerated herein.

### **Merger and Other Provisions**

4. The defendant represents to the court that she has met with her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the defendant has been truthful with her attorney and related all information of which the defendant is aware pertaining to the case; that the Defendant and her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the defendant's right to testify in her own behalf, or to remain silent and have no adverse inferences drawn from her silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the

4

   defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

5. The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.  Acknowledging those rights, the defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255.  This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

6. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

7. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 08-17-2024<br>Date | *Noraimi Torres Burgos*<br>Noraimi Torres Burgos<br>Defendant |
| 08-13-2024<br>Date | *Adam Touma*<br>Adam Touma, Esquire<br>Defense Attorney |
| | ADAIR BUROUGHS<br>UNITED STATES ATTORNEY |
| August 1, 2024<br>Date | *Jamie Lea Nabors Schoen*<br>Jamie Lea Schoen (Fed. ID # 11386)<br>Assistant United States Attorney |

6